IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SYLVESTER KIMBLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-22-00965-JD |
| ) | |
| LT. FNU RUSSELL, individually and official ) | |
| capacity; SVENJA COOPER, individually ) | |
| and official capacity; MS. FNU MARTI, ) | |
| individually and official capacity; and GEO ) | |
| GROUP INC., individually and ) | |
| official capacity, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff filed this prisoner civil rights action on November 8, 2022. [Doc. No. 1]. The Court referred this action to United States Magistrate Judge Suzanne Mitchell under 28 U.S.C. § 636. [Doc. Nos. 4, 14].

On September 20, 2023, Judge Mitchell issued a Report and Recommendation, recommending that the Court dismiss Plaintiff's action without prejudice for his failure to comply with the Court's orders and the local rules and failure to prosecute his action. [Doc. No. 16]. Judge Mitchell advised Plaintiff of his right to object to the Report and Recommendation by October 11, 2023, and explained that his failure to timely object to the Report and Recommendation would waive appellate review of the factual and legal issues contained in the Report and Recommendation. *Id.* at 4. To date, Plaintiff has not filed an objection to the Report and Recommendation, or otherwise made any effort to

prosecute this action.[1]

With no objection being filed, and concurring with Judge Mitchell's findings and recommendations, the Court ACCEPTS the Report and Recommendation [Doc. No. 16]. For the reasons stated in the Report and Recommendation, the Court DISMISSES Plaintiff's action without prejudice. A separate judgment will follow.

IT IS SO ORDERED this 20th day of October 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] The Court's record reflects that the Report and Recommendation of September 20, 2023, was mailed to Plaintiff at his provided address and returned to the Court as undeliverable. *See* [Doc. No. 17]. However, Plaintiff is responsible for notifying the Court of any change of address, and "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4; *see* Fed. R. Civ. P. 5(b)(2)(C); *see also Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) ("The parties are far better situated to know of any errors in their address information, thus, they bear the burden of filing notice of a change of address . . . . The fact [the plaintiff] is acting pro se does not eliminate this burden.").